IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL NO. 3:12CV338-FDW
(3:04-cr-106-FDW-1)

| | |
|---|---|
| DEMONTRELL WILLIAMS WHITE, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **O R D E R** |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255, (Doc. No. 1), and on Petitioner's Motion to Appoint Counsel, (Doc. No. 2). For the reasons that follow, the Court finds that this is an unauthorized, successive petition, and the Court therefore dismisses the Motion to Vacate. The Court will deny the Motion to Appoint Counsel as moot.

1. **BACKGROUND**

On April 19, 2006, Petitioner pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Crim. Case No. 3:04-cr-106, Doc. No. 37: Plea Agreement; Doc. No. 58: Judgment). Before sentencing, Petitioner was designed as an Armed Career Criminal under the Armed Career Criminal Act ("ACCA"). This Court subsequently declined to accept Petitioner's guilty plea because the plea agreement failed to contemplate the applicability of the ACCA.

On January 4, 2008, Petitioner again pled guilty, this time without a plea agreement, to the Section 922(g)(1) felon in possession charge. (Id., Doc. No. 55). Before sentencing, Petitioner objected to the Presentence Report ("PSR") on the ground that a conspiracy to commit

robbery with a dangerous weapon under North Carolina law is not a violent felony. The Court denied this objection during its April 15, 2008, sentencing hearing, ruling from the bench that "a conspiracy to commit armed robbery is just as dangerous and confrontational . . . as the substantive crime of armed robbery itself." (Id., Doc. No. 68 at 20). The Court also explained that "a conspiracy to commit armed robbery is [a] dangerous type of crime that creates [a] serious potential risk of physical injury to another." (Id. at 21). Accordingly, the Court sentenced Petitioner under the ACCA to fifteen years in prison. (Id., Doc. No. 58: Judgment).

On July 6, 2009, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction and sentence, specifically finding that the ACCA sentence was warranted. United States v. White, 571 F.3d 365, 373 (4th Cir. 2009).

On January 6, 2011, Petitioner filed a Section 2255 motion to vacate, which this Court denied and dismissed on January 7, 2011. (Crim. Case No. 3:04-cr-106, Doc. Nos. 72; 73: Civil No. 3:11cv10). On May 15, 2012, Petitioner filed the pending Section 2255 motion to vacate.

## II. DISCUSSION

Petitioner filed the instant Motion to Vacate on May 15, 2012, seeking to have the Court vacate his conviction and sentence in Criminal Case No. 3:04-cr-106. As noted, Petitioner filed a previous motion to vacate the same conviction and sentence on January 6, 2011. Thus, this is the second Section 2255 petition filed by Petitioner challenging the conviction and sentence in Criminal Case No. 3:04-cr-106.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner must first obtain an order from the Fourth Circuit before this Court will consider any

second or successive petition under 28 U.S.C. § 2255. Petitioner has not shown that he has obtained the permission of the Fourth Circuit to file a successive petition. See also 28 U.S.C. § 2255(h) (stating that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"). Accordingly, this unauthorized, successive petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place"). Accord Everette v. United States, 5:04-cv-358, 2012 WL 4486107 (E.D.N.C. Sept. 28, 2012) (dismissing a § 2255 motion as a successive petition where the petitioner raised a claim under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011)).

### III. CONCLUSION

For the foregoing reasons, the Court will dismiss Petitioner's Section 2255 Motion to Vacate for lack of jurisdiction because the motion is a successive petition and Petitioner has not first obtained permission from the Fourth Circuit to file the motion.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, (Doc. No. 1), is **DISMISSED** as a successive petition.
2. Petitioner's Motion to Appoint Counsel, (Doc. No. 2), is **DENIED** as moot.
3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on

procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: February 27, 2013

Frank D. Whitney
United States District Judge